**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-14313-CIV-MAYNARD**

**ROBIN KELLEY,**

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.
_____/

**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY FEES (DE 36)**

**THIS CAUSE** comes before me upon Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("Motion"). DE 36. Having reviewed the record and the Motion, and noting that Defendant does not object to the relief requested therein, the Motion is **GRANTED** as set forth below.

Plaintiff initiated this case on September 3, 2020, seeking judicial review of the Defendant's denial of her application for supplemental security income under the Social Security Act. DE 1. Defendant filed an Answer and a copy of the Administrative Record on March 26, 2021. DE 19; DE 20. Plaintiff filed her motion for summary judgment on August 2, 2021. DE 32. On September 1, 2021, Defendant filed an unopposed motion for entry of judgment with remand ("Motion to Remand"). DE 33. Defendant indicated that remand was appropriate under sentence four of 42 U.S.C. § 405(g). *Id.* Specifically, Defendant requested the Court to reverse the decision and to remand the case to Defendant so that the Appeals Counsel could instruct the Administrative Law Judge, *inter alia*, to re-evaluate the persuasiveness of the medical opinion of Dr. Zotovas. *Id.* On September 2, 2021, I granted Defendant's Motion to Remand, remanded the case to Defendant,

and entered Final Judgment for Plaintiff. DE 34. Plaintiff now moves for an award of $4,280.27 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). DE 36 at 1.

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The prerequisites to an award of fees under the EAJA are: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. *Id.* § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

The conditions are met in this case entitling Plaintiff to an EAJA award. First, Plaintiff is the prevailing party because this case was remanded back to Defendant. *See Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV, 2020 WL 4208042, at *2 (S.D. Fla. July 22, 2020) ("The law is clear that a plaintiff in a social security appeal prevails if the court orders a sentence-four remand." (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993)). As to the second element, an EAJA motion must allege that the Commissioner's position was not substantially justified, and then the Commissioner bears the burden to show that it was. *Id.*; *White v. United States,* 740 F.2d 836, 839 (11th Cir. 1984). Here, Plaintiff contends Defendant's position was not substantially justified (DE 36 at 1, ¶12), and Defendant does not attempt to argue otherwise. *See Ochoa*, 2020 WL

4208042, at *2 (finding the second condition met under the same circumstances); *Delaney*, 2018 WL 7820219, at *1 (same). The Court also notes that after filing an Answer, affirming the denial benefits in this case, Defendant later filed a motion for remand so an ALJ could further consider Plaintiff's application. DE 19; DE 33. This unprompted change further indicates that Defendant's position was not substantially justified. *See Luna v. Bowen*, 663 F. Supp. 109, 111 (D. Colo. 1987) ("[A] consent to remand would not obviate an EAJA award if the government files an answer before agreeing to remand.").

Third, an EAJA request is timely if it is made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party); *Ochoa*, 2020 WL 4208042, at *2. In this case, Plaintiff's Motion was filed less than 90 days after the Final Judgment was entered, thus it is timely. DE 36. Fourth, in the Motion Plaintiff alleges that she "meets the financial qualifications for relief" and avers that her net worth was less than $2 million at the time of the filing of this action. DE 36 at 1, ¶10. I agree that Plaintiff satisfies the fourth prerequisite. Indeed, Plaintiff was granted leave to proceed in this matter *in forma pauperis*. DE 4. Lastly, I find there are no special circumstances that would make an award of fees unjust.

Attorney fees requested pursuant to the EAJA must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Courts consider the application of the cost-of-living adjustment "next to automatic." *Meyer v. Sullivan,* 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992). A party seeking EAJA fees must also show

the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Here Plaintiff seeks an award of $4,280.27 in attorney fees for 20.6 billable attorney hours spent on this matter billed at hourly rate of $207.78 per hour. DE 36 at 2. In support of the Motion, Plaintiff's counsel, Heather Freeman, Esq., proffered a copy of her time sheet describing the services performed and the time spent on each service. DE 36-1. On review, given the amount of work performed in this case, a total of 20.6 hours is reasonable.

As to the hourly rate requested, Plaintiff asserts the rate of $207.78 per hour represents an appropriate cost of living adjustment permitted under the statute. DE 36 at 3. I find that the requested rate is within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions. "For decades the law in this circuit has been that: [t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (internal quotation marks and citations omitted). Therefore, I find the $207.78 hourly rate sought in this case, which accounts for a reasonable cost of living adjustment and is comparable to market rates, is reasonable and in full accord with applicable statutory standards. Accordingly, find that Plaintiff is entitled to the requested attorney fee amount.

In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are payable to the litigant, rather than to the litigant's attorney. 560 U.S. 586, 594 (2010). Therefore, EAJA fee awards are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States. *Id.* The Supreme Court noted that nothing in the statute or its holding affects

the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596–98. The assignment, however, is not valid unless it complies with the Anti-Assignment Act, 31 U.SC. § 3727(b). Even so, the Commissioner may waive the requirements of the Anti-Assignment Act and recognize Plaintiff's assignment. *See Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992).

Here, Plaintiff avers that she has assigned any fees awarded under the EAJA to her counsel, Heather Freeman, Esquire. DE 36 at 3. As Plaintiff's Motion details, if Plaintiff does owe a debt to the Government, her EAJA fee award will be applied toward such debt by the Treasury Department's Office Program, and the Commissioner will notify the Treasury Department that if any funds remain after the EAJA fee award is applied to her debt, the Treasury Department should issue a check for the remaining funds made payable to Plaintiff and mail that check to Plaintiff's counsel. *Id.* If the Treasury Department determines that Plaintiff does not owe a debt that is subject to offset, the government will accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney. *Id.* at 3-4.

For the foregoing reasons, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 36) is **GRANTED**. Plaintiff is **AWARDED** a total of **$4,280.27** in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). It is further,

**ORDERED AND ADJUDGED** that the Secretary of the U.S. Department of the Treasury shall determine whether the Plaintiff owes a qualifying, pre-existing debt to the federal government. If such a debt exists, the Secretary will reduce the attorney fee amount awarded by this Order to the extent necessary to pay it. The Secretary shall then issue a check for any remaining funds made payable to Plaintiff and mail that check to Plaintiff's counsel. If the EAJA

fee award is not subject to offset, pursuant to the Plaintiff's assignment of the EAJA fee award to her attorney, the Secretary shall pay the balance to Heather Freeman, Esq., and send that payment to the address given below.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 12th day of October, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record (via CM/ECF)

   Heather Freeman, Esq.
   P.O. Box 13962
   Tallahassee, FL 32317-3962